Judge Underwood
delivered the opinion of the Court
Scott instituted an action of covenant, as assignee of Shelburn, against Watts, upon the following covenant.
“Know all men by these presents, that I, Jeremiah Watts, of the county of Shelby, and state of Kentucky, have bargained, sold, and delivered to William Shelburn, of the county and state aforesaid, a certain tract or parcel of land, to contain fifty acres, lying and being in Shelby county, to include the place where said Shelburn now Jives,
The condition of the above, that whenever the said Shelburn shall pay to the said Watts, or his assigns, the sum of $100, the said Watts doth, by these presents, bind himself, his heirs, &c., to make to the said Shelburn, a special deed to the above named tract or parcel of land,”
The declaration avers the paymentof the $100,and assigns for breach of the covenant, the non-conveyance of the land, in the manner stipulated.
Upon the trial, the plaintiff offered to prove, that the consideration paid for the land, was $l¿0br $200, in addition to the $100 mentioned in the covenant, and for which a note had been executed; and that the additional sum was paid in hand to the defendant at the time the contract was entered into. The evidence ofiered, was the oral testimony of a witness. The court excluded it upon the ground that it was inadmissible, because it was inconsistent with the writing.
The court clearly erred. The evidence offered, was not inconsistent with the writing, and did not contradict it. The promise to convey, so far as it regarded performance, was dependant upon the payment of the $100 mentioned in the covenant, but there is nothing on the face of the contract, which asserts that Shelburn did not give more for the land tham $100.
Petition for a re-hearing
Triplett, for plaintiff; Sanders, for defendant.
Proof that more was given, did not in the least contradict any stipulation expressed, or any thing to be implied from (he written contract. The prooí was pertinent, and should have influenced the verdict, by enlarging the damages for non-conveyance of the title. Whereupon, the verdictánd judgement of the circut court is set aside, and a new trial awarded.
The plaintiff must recover his costs.